RICKY LYNN SPENCER

*v.*

WILLIAM WHYTE, SUPT.

(No. 15196)

Decided July 17, 1981.

*Stanton & Stanton* and *Shirley Stanton,* for petitioner.

*Chauncey H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, for respondent.

MILLER, JUSTICE:

In this original habeas corpus proceeding, we are asked to determine if our probation statute, W. Va. Code, 62-12-2, can be construed to empower a circuit judge to order a period of incarceration as a condition of probation. We conclude that it cannot.

In June of 1979 the petitioner was indicted for robbery by violence and in a separate two count indictment for conspiracy to commit robbery on two individuals, one of whom was the subject of the robbery indictment. Under a plea bargain agreement, which was approved by the trial court, petitioner agreed to plead guilty to attempted robbery by other means which is punishable by a sentence of five to eighteen years.[1] In addition, under the plea bargain agreement, petitioner agreed to enter a plea to one of the counts for conspiracy to commit robbery, which carried a one-to-five year sentence.

The plea bargain agreement provided that the court would suspend the five-to-eighteen year sentence and place the petitioner on five years probation with the following conditions: the petitioner would serve one year in the Marion County jail and agree to waive any credit for pretrial jail time. Furthermore, upon completion of the one

[1] W. Va. Code, 61-2-12, defines certain acts of robbery which are commonly called "armed robberies." A second category "robbery . . . by any other means" is commonly referred to as "unarmed robbery." *State v. Cunningham,* 160 W. Va. 582, 236 S.E.2d 459, 461 (1977). While this statute imposes different penalties for each of the two categories of robbery, the attempt to commit either category carries the same penalty as the substantive offense.

year in the Marion County jail, petitioner would serve the one-to-five year sentence at the penitentiary for conspiracy to commit robbery. After the petitioner served his one year in the Marion County jail, he commenced serving his one-to-five year sentence at Huttonsville and filed this writ, contending he was illegally detained.

I.

Historically, the right to probation was a legislative prerogative since courts did not possess the inherent power to grant probation. *Ex Parte United States, Petitioner,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916); *United States v. Cohen,* 617 F.2d 56 (4th Cir. 1980), *cert. denied,* 101 S.Ct. 130 (1980); *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976); *People v. Breen,* 62 Ill.2d 323, 342 N.E.2d 31 (1976); *State v. Wright,* 202 N.W.2d 72 (Iowa 1972); *State ex rel. Douglas v. Buder,* 485 S.W.2d 609 (Mo. 1972), *rev'd on other grounds,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973); *State v. Eighth Judicial District Court in and For Clark County,* 85 Nev. 485, 457 P.2d 217 (1969); *Richardson v. Commonwealth,* 131 Va. 802, 109 S.E. 460 (1921); *Hicklin v. State,* 535 P.2d 743 (Wyo. 1975). We have recognized this rule that courts do not possess in the absence of a statute the authority to suspend the imposition of a criminal sentence and place a convicted person on probation. *Ex Parte Fisher,* 95 W. Va. 397, 121 S.E. 287 (1924), *accord, State ex rel. Calandros v. Gore,* 126 W. Va. 614, 617, 29 S.E.2d 476, 478 (1944). In *Ex Parte Fisher, supra,* we relied on *Ex Parte United States, Petitioner, supra,* where the Supreme Court, after recognizing the right to temporarily suspend imposition of a sentence or its execution by a court incident to its sentencing duties, concluded:

> "But neither of these conditions serve to convert the mere exercise of a judicial discretion to temporarily suspend for the accomplishment of a purpose contemplated by law into the existence of an arbitrary judicial power to permanently refuse to enforce the law." 242 U.S. at 44, 37 S.Ct. at 75, 61 L.Ed. 141.

It may be argued under *Morningstar v. Black & Decker Manufacturing Company,* 162 W. Va. 857, 253 S.E.2d 666

(1979), we have the inherent power to change the common law. However, *Morningstar* does not mean we can create a common law rule where the common law principle is that the court lacks inherent jurisdiction over the subject matter of the rule.

We have traditionally recognized that the legislature has the primary right to define crimes and their punishments subject only to certain constitutional limitations. *State ex rel. Cogar v. Kidd*, 160 W. Va. 371, 234 S.E.2d 899 (1977); *State ex rel. Heck's v. Gates*, 149 W. Va. 421, 141 S.E.2d 369 (1965); *State v. Painter*, 135 W. Va. 106, 63 S.E.2d 86 (1950). For this reason, courts cannot set punishments that are inconsistent with the statutory penalties. *State ex rel. Cogar v. Haynes*, 154 W. Va. 805, 180 S.E.2d 492 (1971); *State ex rel. Foster v. Boles*, 147 W. Va. 655, 130 S.E.2d 111 (1963); *Mount v. Quinlan*, 104 W. Va. 118, 139 S.E. 474 (1927). It is because of the legislative primacy in this area that we consider the right to determine the conditions under which a sentence can be suspended and a person placed on probation to be a legislative prerogative. Probation is inextricably tied to the setting of punishment, which is the legislature's domain.

## II.

The State argues that we should construe our probation statutes[2] and particularly W. Va. Code, 62-12-9,[3] relating to

---

[2] A number of statutes in W. Va. Code bear on probation. For purposes of this case, the ones of chief interest are: W. Va. Code, 62-12-1, giving authority to circuit courts to place persons on probation; W. Va. Code, 62-12-2, giving the conditions for probation eligibility.

[3] W. Va. Code, 62-12-9, provides:

"Release on probation shall be upon the following conditions:

"(1) That the probationer shall not, during the term of his probation, violate any criminal law of this or any other state, or of the United States.

"(2) That he shall not, during the term of his probation, leave the State without the consent of the court which placed him on probation.

"(3) That he shall comply with the rules and regulations prescribed by the court or by the board of probation and parole, as the case may be, for his supervision by the probation officer.

a release on probation, on certain designated conditions, to empower a court to give jail time as a condition of probation. The State points to this statement in the statute: "[t]he Court may impose, subject to modification at any time, any other conditions which it may deem advisable."

Because probation is a legislative prerogative, we are hesitant to infer any design that is not plainly suggested by the statutory framework. We note that W. Va. Code, 62-12-9, begins with the statement, "[r]elease on probation shall be upon the following terms and conditions." Somewhat similar language is found in W. Va. Code, 62-12-3, stating that if the court finds "that the public good does not require that he be fined or imprisoned, the court, . . . may suspend the imposition or execution of sentence and release the offender on probation. . . ." This statutory language clearly suggests that our probation framework involves initially a release and not a confinement. The statutory concept of release on probation is consistent with the underlying policies for probation which are to encourage further rehabilitative efforts and to provide a less costly means of supervising an offender. *See generally State v. Ketchum*, ____ W. Va. ____, 289 S.E.2d 657 (No. 14301, 6/23/81), and *Jett v. Leverette*, 162 W. Va. 140, 247 S.E.2d 469 (1978).

We are also guided by the fact that most courts which have dealt with this issue have refused to find a right to incarcerate as a condition of probation unless their probation statute expressly so provides. The general reason advanced for this position is found in *People v. Ledford*, 173 Colo. 194, 196, 477 P.2d 374, 375 (1970):

---

"In addition, the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including but not limited to any of the following:

"(1) That he shall make restitution or reparation, in whole or in part, immediately or within the period of probation, to any party injured by the crime for which he has been convicted.

"(2) That he shall pay any fine assessed and the costs of the proceeding in such installments as the court may direct.

"(3) That he shall make contributions from his earnings, in such sums as the court may direct, for the support of his dependents."

"By its very nature and definition, probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation."

*Archer v. Snook*, 10 F.2d 567 (D.C., N.D., Ga. 1926); *see also, Boyne v. State*, 586 P.2d 1250 (Alaska 1978); *State v. Davis*, 119 Ariz. 529, 582 P.2d 175 (1978); *State v. Van Meter*, 7 Ariz. App. 422, 440 P.2d 58 (1968); *State v. Jones*, 327 So.2d 18 (Fla. 1976); *State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978); *Franklin v. State*, 87 Idaho 291, 392 P.2d 552 (1964); *State v. Harris*, 251 N.W.2d 483 (Iowa 1977); *State v. Stone*, 43 Md. App. 329, 405 A.2d 345 (1979); *In Re: Williams Petition*, 145 Mont. 45, 399 P.2d 732 (1965); *State v. Nuss*, 190 Neb. 755, 212 N.W.2d 565 (1973); *State v. Iverson*, 269 N.W.2d 390 (S.D. 1978); *State v. Marshall*, 247 N.W.2d 484 (S.D. 1976); *Milligan v. State*, 465 S.W.2d 157 (Tex. Cr. App. 1971); *State v. Gloudemans*, 73 Wis.2d 514, 243 N.W.2d 220 (1976); Annotation, 147 A.L.R. 656 (1943). We, therefore, conclude that in the absence of specific language in our probation statutes empowering a trial court to impose incarceration as a condition of probation, the trial court lacks the power to impose such a condition.

There are sound practical reasons why a legislative solution is more appropriate. A statute permits the creation of a more flexible set of standards for the length and place of incarceration as a condition of probation. It may also set the general class of offenders to which incarceration as a condition of probation is applicable.

### III.

Having determined that incarceration cannot be imposed as a condition of probation under W. Va. Code, 62-12-9, we conclude that the plea bargain agreement offered by the State was unfulfillable. In *State ex rel. Morris v. Mohn*, 165

W. Va. 145, 267 S.E.2d 443 (1980), we held in Syllabus Point 1:

> "A recognized corollary to the principle that a guilty plea must be shown to have been intelligently and voluntarily entered is the rule that if the plea is based on a plea bargain which is not fulfilled or is unfulfillable, then the guilty plea cannot stand."

As a consequence, we are of the view that the plea bargain agreement must be set aside because it contained an unfulfillable element: probation based on a condition that resulted in an illegal condition. In *Morris*, we quoted from the leading case in this area of the law, *Correale v. United States*, 479 F.2d 944, 947 (1st Cir. 1973), where this statement is made:

> "[W]e hold that, at a minimum, a prosecutor may not, in exchange for a guilty plea promise and/or make a recommendation of an illegal sentence."

*See also, Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *United States v. I. H. Hammerman, II*, 528 F.2d 326 (4th Cir. 1975); *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976).

Under the foregoing law, the plea of guilty induced by this illegal plea bargain agreement is set aside and the sentence based upon the guilty plea voided. This action does not, however, preclude the State from proceeding on the underlying criminal charges. *State ex rel. Morris v. Mohn, supra; Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977).

The writ of habeas corpus is therefore awarded.

*Writ Awarded*