# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 17-0729** (Brooke County 13-F-72 and 14-F-45)

**Adam Barnhart,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Adam Barnhart, pro se, appeals the August 7, 2017, order of the Circuit Court of Brooke County denying his motion for correction of illegal sentence. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In Case No. 13-F-72, petitioner was indicted for murder in the first degree. In Case No. 14-F-45, petitioner was charged by information with two counts of wanton endangerment with a firearm. The parties agreed to resolve both cases through a plea bargain. Pursuant to the plea agreement, the State agreed to dismiss the indictment for first-degree murder in No. 13-F-72 in exchange for petitioner agreeing to plead guilty to the lesser-included offense of murder in the second degree. Petitioner agreed to waive his right to be indicted in No. 14-F-45 and to proceed in that case on the information. The parties further agreed that petitioner would be sentenced to a definite term of forty years of incarceration for second-degree murder. With regard to the two counts of wanton endangerment with a firearm, the parties agreed that petitioner would be sentenced to two definite terms of five years of incarceration. The parties also agreed that petitioner would serve his sentences consecutively, for an aggregate term of fifty years of

1

incarceration. Finally, petitioner agreed to waive "the right to any parole [eligibility] on the above enumerated sentences[.]"[1]

Prior to accepting petitioner's guilty pleas for second-degree murder and two counts of wanton endangerment with a firearm, the circuit court "question[ed] him" regarding the waiver of "his constitutional, statutory, and procedural rights in this matter."[2] The circuit court noted the "specific condition of the plea agreement" that required petitioner to waive his right to parole eligibility. The circuit court found that petitioner understood his constitutional, statutory, and procedural rights, "indicated that he discussed the same with his counsel, . . . and . . . wished to waive those rights and proceed with the plea agreement[.]" The circuit court found that petitioner "knowingly, intelligently, and voluntarily waived" his constitutional, statutory, and procedural rights. The circuit court further found that petitioner understood the plea agreement's "terms and conditions" and that petitioner "knowingly, intelligently, and voluntarily" entered his guilty pleas. Accordingly, the circuit court accepted petitioner's pleas, adjudged him guilty, and sentenced him consistent with the parties' agreement.

On October 13, 2015, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[3] Petitioner argued that his aggregate sentence was illegal because the parties' agreement rendered him ineligible for parole in violation of West Virginia Code § 62-12-13(b)(1)(A), which provides that a defendant "is eligible for parole if he or she: (1)(A) . . . has served one fourth of his or her definite term sentence." By order entered January 5, 2016, the circuit court acknowledged that the parties did not have the authority to enter into—nor did it have the authority to accept—a plea agreement specifying an illegal sentence. However, the circuit court found that parole eligibility constituted a statutory right that petitioner was capable of waiving as long as he did so knowingly, intelligently, and voluntarily. Given the circuit court's finding at the time of petitioner's guilty pleas that the waiver of his rights was valid, the court found that the requirement that petitioner waive parole eligibility was not in contravention of statute and accordingly did not make the sentence to which petitioner agreed illegal. Therefore, the circuit court denied petitioner's motion. Petitioner appealed the circuit court's January 5, 2016, order, but this Court affirmed the denial of his Rule 35(a) motion in *State v. Barnhart*, No. 16-0032, 2016 WL 6819051 (W.Va. Nov. 18, 2016) (memorandum decision).[4]

---

[1]In *State v. Lindsey*, 160 W.Va. 284, 291, 233 S.E.2d 734, 738-39 (1977), we found that "[o]ne convicted of a crime and sentenced to the penitentiary is never *entitled* to parole," but is "[only] eligible to be considered for parole." (Emphasis in original.).

[2]*See Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

[3]Rule 35(a) provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time[.]"

[4]We take judicial notice of the record in *Barnhart*.

On July 31, 2017, petitioner filed a second motion for correction of illegal sentence, which the circuit court denied by order entered August 7, 2017. The circuit court found that petitioner "made no new argument" that would cause the court to modify its prior decision that was subsequently affirmed in *Barnhart*. However, to the extent that petitioner added a policy argument to his already rejected legal arguments, the circuit court found that it failed "to see how [e]nsuring that a defendant who has been convicted of murder is incarcerated is a violation of public policy or inconsistent with public safety."

Petitioner now appeals the circuit court's August 7, 2017, order denying his motion for correction of illegal sentence pursuant to Rule 35(a). In syllabus point one of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

On appeal, the parties dispute whether petitioner raises arguments different than those rejected by this Court in *Barnhart*. Based on our review of the record, we find that petitioner raises substantially the same arguments. Therefore, we adopt our analysis from *Barnhart* where we found:

> . . . [P]etitioner makes the same argument he made to the circuit court: the parties did not have the authority to enter into—nor did the court have the authority to accept—a plea agreement specifying an illegal sentence. *See State ex rel. Gessler v. Mazzone*, 212 W.Va. 368, 373, 572 S.E.2d 891, 896 (2002). In making this argument, we find that petitioner does not challenge the length of his aggregate sentence of fifty years of incarceration . . . . Rather, petitioner states that his preferred remedy is have to the provision whereby he agreed to waive parole eligibility excised from the agreement.[5] Thus, we find that petitioner's argument is solely based on his contention that this provision so tainted the plea agreement with illegality that it rendered the sentence specified by that agreement illegal.

> \*\*\*\*

---

[5]As we noted in *Barnhart*, "the proper remedy if a plea agreement is legally impossible to fulfill is for the agreement to be vacated in its entirety and the parties to be placed, as nearly as possible, in the positions they occupied prior to the entry of the plea agreement." 2016 WL 6819051, at \*2 n.3 (citing *Gessler*, 212 W.Va. at 374, 572 S.E.2d at 897).

3

We agree with the State that the circuit court correctly determined that parole eligibility constituted a statutory right that petitioner knowingly, intelligently, and voluntarily waived. Both constitutional and statutory rights are capable of being waived. *See Asbury v. Mohn*, 162 W.Va. 662, 665, 256 S.E.2d 547, 549 (1979) (stating that "the right to appeal may be waived"); Syl. Pt. 2, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975) (holding that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights . . . when such knowing and intelligent waiver is conclusively demonstrated on the record"). Upon our review of the record, we find that petitioner's waiver of parole eligibility was valid.

2016 WL 6819051, at *2-3.

In addition to his formerly rejected legal arguments, petitioner makes a policy argument. Petitioner states that, if he is allowed to be eligible for parole and the West Virginia Parole Board decides to release him, he would reenter society subject to the supervision of a probation officer. Petitioner argues that this outcome would be preferable to him reentering society unsupervised upon the discharge of his aggregate sentence.[6] However, we concur with the circuit court's finding that, given petitioner's murder conviction, requiring him to fully discharge his sentence is neither inconsistent with public safety nor violative of public policy.

As previously noted, petitioner does not challenge the length of his aggregate sentence. In syllabus point four of *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982), we held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for correction of illegal sentence.

For the foregoing reasons, we affirm the circuit court's August 7, 2017, order denying petitioner's motion for illegal correction of sentence.

Affirmed.

**ISSUED**: February 22, 2019

---

[6]Pursuant to West Virginia § 15A-4-17(a), inmates are granted commutation from their sentences for good conduct. West Virginia § 15A-4-17(k) provides, in pertinent part, that "[p]rior to the calculated discharge date of an inmate serving a sentence for a felony crime of violence against the person . . ., one year shall be deducted from the inmate's accumulated good time to provide for one year of mandatory post-release supervision[.]" The parties dispute West Virginia § 15A-4-17(k)'s applicability to petitioner given that § 15A-4-17(k) applies "to offenses committed on or after July 1, 2013." We decline to address that issue because "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W.Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)).

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison