# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 18-0769**   (Monongalia County 09-F-68)

**William N.,**
**Defendant Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William N., by counsel Jason T. Gain, appeals the July 31, 2018, order of the Circuit Court of Monongalia County that denied his motion for reduction of sentence. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, a Grand Jury in the Circuit Court of Monongalia County returned a four-count indictment against petitioner consisting of three counts of incest and one count of sexual abuse by a parent, guardian, custodian, or a person in a position of trust.  The victim was petitioner's step-daughter.

The parties negotiated a plea deal under which petitioner would plead guilty to two counts of incest, with the parties retaining the right to argue sentencing. The State agreed to dismiss the remaining two counts of the indictment. On September 24, 2009, petitioner was sentenced to five-to-fifteen years of imprisonment on each count, which were ordered to run consecutively (for a cumulative sentence of ten to thirty years), with an additional term of twenty years of supervised release.

On December 12, 2013, petitioner filed a petition for a writ of habeas corpus alleging, inter alia, that he received ineffective assistance of counsel because he was not advised by counsel, nor did the plea agreement state, that he was subject to a period of supervised release upon the completion of his prison sentence. By order entered January 10, 2017, petitioner was permitted to withdraw his guilty plea.

1

On May 5, 2017, the State secured a superseding indictment that charged petitioner with thirteen counts of sexual abuse by a parent, guardian, or custodian for the same conduct underlying the original four-count indictment. Petitioner filed a motion to dismiss the superseding indictment on the ground that it violated due process as vindictive and retaliatory. By order entered October 11, 2017, the circuit court granted petitioner's motion and dismissed the superseding indictment.

On October 30, 2017, petitioner pled guilty to all four counts of the original indictment: three counts of incest and one count of sexual abuse by a parent, guardian, or custodian, or a person in a position of trust. On January 2, 2018, he was sentenced to three consecutive five-to-fifteen year terms of incarceration on the incest charges, and a concurrent ten-to-twenty year term for the charge of sexual abuse by a parent, guardian, or custodian. The circuit court also ordered a period of supervised release of twenty-five years.

On May 1, 2018, petitioner filed a motion to reduce his sentence, pursuant to West Virginia Rule of Criminal Procedure 35(a) and (b). The State filed a response. By order entered July 31, 2018, the circuit court denied petitioner's motion. This appeal followed.

At issue in this appeal is whether the circuit court's imposition of a harsher sentence upon resentencing after petitioner successfully challenged his original plea in a habeas proceeding violated his constitutional right to due process. Because this issue presents a question of law, we review it de novo. *See* Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

Petitioner relies on this Court's decision in *State v. Eden*, 163 W. Va. 370, 256 S.E.2d 868 (1979), in which the defendant was tried in 1975 on the charge of reckless driving before a justice of the peace, convicted, and fined $50. Upon a trial de novo in the circuit court, he was again convicted (on the same charge) but sentenced to thirty days in jail and a $200 fine. The defendant appealed the increased sentence, and this Court reversed, holding that

> [a] defendant who is convicted of an offense in a trial before a justice of the peace and exercises his statutory right to obtain a trial *de novo* in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W. Va. Const. art. 3, § 10.

*Eden*, 163 W. Va. at 371, 256 S.E.2d at 870, syl. pt. 2. Here, petitioner argues that the Court's reasoning in *Eden* applies:

> [p]rotection of the criminal defendant's fundamental right to appeal and avoidance of any possible vindictiveness in resentencing would force us to hold that upon a defendant's conviction at retrial following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted.

2

163 W.Va. at 384, 256 S.E.2d at 876.[1] *See id.* at 382, 256 S.E.2d at 875 ("Increased sentencing upon reconviction after successful prosecution of an appeal inherently gives rise to a fear of harsher penalties and retribution which burdens or chills the defendant's right to appeal and should not be permitted in any circumstances.").

Petitioner argues that, under *Eden*, his subsequent sentence following the successful constitutional challenge to his guilty plea should not have been greater than his original sentence. He contends that he has been punished for exercising his right to challenge his original plea and that sustaining the harsher penalty upon his resentence will chill his right to seek post-conviction relief. Petitioner further argues that there was a reasonable likelihood that the State treated him vindictively for exercising his constitutional right and that, as a result, his due process rights were violated.

We find no error and conclude that the holding in *Eden* should not be extended and applied to petitioner's case. Petitioner's successful challenge to his guilty plea resulted in both petitioner and the State being returned to the positions they were in before the execution of the plea. *See State ex rel. Gessler v. Mazzone*, 212 W.Va. 368, 374, 572 S.E.2d 891, 897 (2002) (holding that "a plea agreement which cannot be fulfilled based upon legal impossibility must be vacated in its entirety, and the parties must be placed, as nearly as possible, in the positions they occupied prior to entry of the plea agreement").  Indeed, petitioner does not dispute that the position of the parties prior to entry of the original (and subsequently withdrawn) plea included the original four-count indictment against petitioner charging him with three counts of incest and one count of sexual abuse by a parent, guardian, custodian or a person in a position of trust. The parties ultimately entered into a second plea agreement under which petitioner pled guilty to all four, rather than just two, counts of the indictment. Petitioner was sentenced accordingly. We thus find that it was not error for the circuit court to sentence petitioner on each count.

We further find that there was no reasonable likelihood of prosecutorial vindictiveness. Petitioner suggests that, following the withdrawal of his original guilty plea, the State refused to engage in any plea negotiations and, instead, pressed for convictions on all four counts of the original indictment, declaring that it would recommend consecutive sentences. In support of his argument that there was a reasonable likelihood of vindictiveness on the part of the State, petitioner relies on *Blackledge v. Perry*, 417 U.S. 21 (1974). In that case, a defendant who was convicted of a misdemeanor exercised his appellate right to a trial de novo in a superior court and, during the pendency of that appeal, the State obtained a felony indictment covering the same conduct for which the defendant had been tried and convicted of the misdemeanor. *Id.* at 23. The Supreme Court held that "it was not constitutionally permissible for the State to respond to [the defendant's] invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo." *Id.* at 28-29. (Footnote omitted). While recognizing that "[a] prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing . . . since such an appeal will clearly require increased expenditures of prosecutorial resources before the

---

[1] We further explained that "the deterrent effect of increased sentencing on the exercise of the right to obtain a new trial deprives a defendant of his statutory right to a trial *de novo*, his only avenue of post-conviction relief, in the same way it deprives a defendant desiring to attack his conviction of his right to appeal." *Eden*, 163 W. Va. at 386, 256 S.E.2d at 877.

3

defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free," *id.* at 27, the Supreme Court determined that actual retaliatory motivation by the State need not exist. *See Id.* at 28. Rather, even a fear of vindictiveness "'may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction.'" *Id.* (Internal citation omitted). Thus, "[a] person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Id.* (Footnote omitted). In the present case, petitioner argues that the reasoning in *Perry* applies to the State's refusal to negotiate a plea and recommendation of consecutive sentences, and that his due process rights were violated as a result.

Upon review of the circuit court's finding regarding prosecutorial vindictiveness under an abuse of discretion standard, *see United States v. Fiel*, 35 F.3d 997, 1007 (4th Cir. 1994), we find no error. Unlike in *Perry*, no new or more serious charges were added to the original indictment against petitioner.[2] Rather, following petitioner's withdrawal of his guilty plea to two counts of incest, the parties were returned to their original positions and the four-count indictment once again became operative. *See Gessler*, 212 W.Va. at 374, 572 S.E.2d at 897. It is well established that "there is no absolute right under either the West Virginia or the United States Constitution to plea bargain. To this end, we have noted that a defendant has 'no constitutional right to have his case disposed of by way of a plea bargain[.]' *See Myers v. Frazier,* 173 W.Va. 658, 664 n. 5, 319 S.E.2d 782, 788 n. 5 (1984)." *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 192, 465 S.E.2d 185, 192 (1995). The State was thus not required to engage in plea negotiations with petitioner. Petitioner ultimately pled guilty to all four counts of the original indictment (rather than just two counts, as agreed to in the original plea) and was properly sentenced to three consecutive five-to-fifteen year terms of incarceration on the incest charges and a concurrent ten-to-twenty year term for the charge of sexual abuse by a parent, guardian, or custodian, all in accordance therewith. Petitioner has failed to prove that the circuit court abused its discretion in concluding that the plea and resulting sentence were not the result of prosecutorial vindictiveness.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2] As previously noted, a superseding thirteen-count indictment was dismissed by order entered October 11, 2017.

4